PER CURIAM:
Writ granted. In 2015, the district court found that defendant, charged with possession of a firearm by a convicted felon, La.R.S. 14:95.1, and aggravated assault with a firearm, La.R.S. 14:37.4, was incompetent to stand trial and that his capacity could not be restored in the foreseeable future. In 2017, after defendant was charged with two counts of aggravated battery, La.R.S. 14:34, defendant was found competent to proceed (although the charges were eventually dismissed for reasons unrelated to defendant's capacity). Based on that competency determination, the state filed a motion pursuant to La.C.Cr.P. art. 649 to resume the proceedings against defendant for possession of a firearm by a convicted felon and aggravated assault with a firearm. The district court denied the motion because it previously found defendant could not regain capacity with regard to those charges (because of memory loss resulting from a traumatic brain injury ), although he was competent to be tried on the more recent charges.
The district court erred to the extent it did not appoint a new sanity commission before ruling and instead relied on its previous determination that defendant's capacity could not be restored in the foreseeable future. Based on the district court's previous determination that defendant's capacity was unlikely to be restored in the foreseeable future, there is reasonable ground to doubt defendant's mental capacity to proceed now. See generally La.C.Cr.P. art. 643. However, the state filed its motion to resume the proceedings based on defendant's regained competency within the time afforded by La.C.Cr.P. art. 648(B)(3). Therefore, the district court should have appointed a new sanity commission in accordance with La.C.Cr.P. art. 644 and determined whether defendant has regained his capacity. Accordingly, we grant the application to reverse the district court's ruling, and we remand to the district court with instructions to appoint a sanity commission and determine whether defendant's capacity has been restored or he remains unable to assist counsel with regard to the present charges. If he remains incompetent with regard to these charges, and in light of his subsequent arrest for other violent offenses, the district court should also determine whether, in accordance with La.C.Cr.P. art. 648(B)(3), to remand defendant to custody of the Louisiana Department of Health, which may institute civil commitment proceedings.
REVERSED AND REMANDED